# EXHIBIT 1

ELECTRONICALLY FILED - 2018 Mar 02 11:00 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200757

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LEXINGTON<br><br>Stephanie Webb, D.O.,<br>                              Plaintiff,<br><br>v.<br><br>Oaktree Medical Center, P.C., a/k/a/ Pain Management Services,<br>                              Defendants. | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT<br><br>C/A No.: 2018-CP-32-0_____<br><br>**SUMMONS** |

**TO THE DEFENDANT ABOVE NAMED:**

**YOU ARE HEREBY SUMMONDED** and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

RICHARDSON PLOWDEN & ROBINSON, P.A.

s/C. Cliff Rollins
C. Cliff Rollins, #16631
Eugene H. Matthews, #10193
Post Office Drawer 7788
Columbia, South Carolina 29202
T: (803) 771-4400
F: (803) 779-0016
Email:  crollins@RichardsonPlowden.com

COUNSEL FOR PLAINTIFF

March 2, 2018

ELECTRONICALLY FILED - 2018 Mar 02 11:00 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200757

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LEXINGTON<br><br>Stephanie Webb, D.O.,<br>                            Plaintiff,<br>v.<br><br>Oaktree Medical Center, P.C., a/k/a/ Pain Management Services,<br>                            Defendants. | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT<br><br>C/A No.: 2018-CP-32-0\_\_\_\_\_<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff Stephanie Webb, D.O., and complains of the Defendants Oaktree Medical Center, P.C., a/k/a Pain Management Associates, jointly referred to herein as "Defendants," as follows:

### PARTIES

1. Plaintiff Stephanie Webb, D.O., (hereinafter "Dr. Webb") is an individual and resident of the County of Pinellas, State of Florida. From October 26, 2015 until February 13, 2017, Webb was employed by the Defendant Oaktree Medical Center, P.C., a/k/a Pain Management Associates (hereinafter "Oaktree") as a physician.

2. Defendant Oaktree is a professional corporation organized under the laws of the State of South Carolina and its principal place of business is located in Greenville County, with affiliate offices located in Lexington County.

### JURISDICTION AND VENUE

3. The events that underlie this Complaint occurred at the Defendant's Irmo and West Columbia locations in Lexington County, where the Defendant has conducted a substantial and continuing business.

ELECTRONICALLY FILED - 2018 Mar 02 11:00 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200757

4.     As such, jurisdiction and venue are proper in the Court of Common Pleas of Lexington County, and under the laws of the State of South Carolina.

## FACTS

5.     Plaintiff is a physician licensed to practice medicine in the State of South Carolina and the State of Florida.  On October 26, 2015, Plaintiff entered into an employment agreement with Oaktree at the rate of Three Hundred Twenty Five Thousand ($325,000.00) Dollars per year.  Plaintiff worked at Oaktree's Irmo and West Columbia locations.

6.     Dr. Webb performed her duties well during the 2015 year as is evidenced by the fact that the Defendant informed Dr. Webb in August of 2016 that her contract would be renewed in October 2016.

7.     On September 4, 2016, Dr. Webb found out that she was pregnant.  She began her treatment for the pregnancy on October 20, 2016.  Upon information and belief, Oaktree's clinical coordinator knew of Webb's pregnancy. Dr. Webb also informed several referring physicians and her medical assistant of her pregnancy within a few days of September 4, 2016.

8.     On November 7, 2016, Dr. Webb was given a letter of warning with untrue and unsubstantiated allegations signed by Spinelli, as Oaktree's in-house counsel. The letter indicated that Plaintiff was to have two weeks to remedy the alleged violations or face discipline. Plaintiff made several attempts to discuss the false allegations with Oaktree's CEO, but these attempts went unanswered.

9.     Receiving no response to her attempts to discuss the allegations of improper behavior with her employer, Dr. Webb engaged the services of an attorney. On November 11, 2016, Attorney Frederick A. Crawford sent a letter to Bert Blackwell, the medical director of Oaktree's Lexington county office, and Plaintiff's direct supervisor. Attorney Crawford's letter

merely requested an opportunity to speak with Oaktree's management in order to better understand the allegations against Dr. Webb in the "warning letter" of Nov. 7, 2016, and to clarify Oaktree's expectations for Dr. Webb going forward.

10. On November 15, 2016, without prior warning or notice, Dr. Webb was told to report to the business office of Defendant's West Columbia location. There she was handed a phone. Defendant Spinelli was on the other end of the office's general business line, in Defendant Oaktree's Easley headquarters location. Despite Defendant Spinelli's letter a week earlier indicating that, at the very least, Plaintiff would have a two-week opportunity to "correct" her performance with regards to the untrue and unsupported allegations of improper behavior, Defendant Spinelli flatly informed Plaintiff that her employment was being terminated without cause. The effective date of her termination was to be ninety days from the date of notice, meaning that Plaintiff would continue to see patients and continue her assigned duties until on or about February 13, 2017. The substance of Spinelli's remarks to Plaintiff was memorialized by letter of Nov. 15, 2016.

11. The following day, November 16, 2016, Dr. Webb's legal counsel sent correspondence to Defendant Spinelli. The letter indicated Dr. Webb's intent to file a Charge of Discrimination against Oaktree, on the basis of events indicating that Dr. Webb's employment had been terminated due to her pregnancy.

12. On November 18, 2016, Dr. Webb was informed that, despite the earlier indication that Plaintiff was to continue to work until February 13, 2017, Plaintiff would no longer work through her termination period.

**FOR A FIRST CAUSE OF ACTION**
(VIOLATION OF THE PREGNANCY DISCRIMINATION ACT ("PDA")
AGAINST DEFENDANT OAKTREE)

ELECTRONICALLY FILED - 2018 Mar 02 11:00 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200757

13.     Plaintiff Webb incorporates her allegations as set forth in Paragraphs 1 through 9 as if fully set forth herein.

14.     The Pregnancy Discrimination Act, which is a part of Title VII of the Civil Rights Act of 1964, as amended prohibits discrimination based on pregnancy when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, such as leave and health insurance, and any other term or condition of employment.

15.     Plaintiff is informed and believes that the Defendant Oaktree violated the Pregnancy Discrimination Act when they chose to terminate her employment without cause immediately after finding out about her pregnancy.

16.     Defendant's acts are the proximate cause of the Plaintiff's loss of earnings, loss of prospective earnings and benefits, embarrassment, humiliation, mental anguish and mental suffering for which the Plaintiff is entitled to an award of actual damages, and for reasonable attorney's fees and costs of this proceeding.

### FOR A SECOND CAUSE OF ACTION
(GENDER DISCRIMINATION UNDER TITLE VII AGAINST DEFENDANT OAKTREE)

17.     Plaintiff realleges the paragraphs above as if set forth herein verbatim, where not inconsistent herewith.

18.     Plaintiff is a female.

19.     Beginning in November 2016, Plaintiff was subjected to disparate and discriminatory treatment as compared to other similarly situated male employees.

20.     Plaintiff was scrutinized and threatened with discipline, up to and including termination, for alleged violations and failure to meet standards as set forth under Plaintiff's employment contract and Defendant's employee handbook, despite male colleagues

ELECTRONICALLY FILED - 2018 Mar 02 11:00 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200757

continually being permitted to commit similar or much more serious violations without disciplinary action. As one example, Dr. Lloyd Miller, a male colleague of Plaintiff's, continued his employment with Defendant and was not disciplined even after being arrested on August 22, 2015 and charged with bank fraud and filing a false police report. Upon information and belief, other male colleagues of Plaintiff who actually committed breaches of Defendant Oaktree's policies and procedures similar to those Plaintiff was falsely accused of on November 7, 2016 include Dr. Felix Muniz, Dr. Lloyd Miller, and Nurse Practitioner Derek Murray.

21. Alternatively, Plaintiff's job was terminated because she was a female who became pregnant. As such, she was treated differently from her otherwise similarly situated male colleagues who were not fired due to their sex.

22. The above disparate treatment amounts to unlawful gender discrimination prohibited by Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and amendments thereto, and is the proximate cause of the Plaintiff's loss of earnings, loss of prospective earnings and benefits, embarrassment, humiliation, mental anguish and mental suffering for which the Plaintiff is entitled to an award of actual damages, and for reasonable attorney's fees and costs of this proceeding.

### FOR A THIRD CAUSE OF ACTION
(BREACH OF CONTRACT AGAINST DEFENDANT OAKTREE)

23. Plaintiff realleges the paragraphs above as if set forth herein verbatim, where not inconsistent herewith.

24. On or about October 26, 2015, Plaintiff and Defendant entered into a binding contractual agreement for the employment of Plaintiff by Defendant, such contract being memorialized in writing as the PHYSICIAN EMPLOYMENT AGREEMENT.

ELECTRONICALLY FILED - 2018 Mar 02 11:00 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200757

25. For her part, Plaintiff has acted at all times as a reasonable employee, and has fulfilled the representations and performed the duties allotted to her by the contract between the parties.

26. Defendant Oaktree has breached the contract between the parties in the following particulars:

- by falsely accusing Plaintiff to have failed to meet the terms of the contractual agreement;

- by falsely accusing Plaintiff to have failed to meet "behavioral standards" as set forth in the Defendant's employee handbook;

- in using such pretextual allegations as an attempt to justify the termination of Plaintiff's employment;

- upon information and belief, for terminating Plaintiff's employment in retaliation for Plaintiff's pregnancy; and,

- in terminating Plaintiff's employment in violation of the contractual agreement's specific terms regarding voluntary termination.

27. In addition to the specific terms, the contractual relationship between Plaintiff and Defendant Oaktree includes an implied covenant of good faith and fair dealing, which Defendant breached on the basis of the conduct described above.

28. As a direct and proximate result of Defendant's breach of the contract between the parties, Plaintiff has suffered significant damages, including special and consequential damages.

WHEREFORE, having fully set forth her Complaint herein, Plaintiff Stephanie Webb, D.O. respectfully requests this Court grant the following relief:

1. Find that the Defendant Oaktree violated the Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Disabilities Act.

2. Find that the Defendant Oaktree violated Title VII of the Civil Rights Act of

ELECTRONICALLY FILED - 2018 Mar 02 11:00 AM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200757

1964 with regards to gender-based discrimination.

3. Find that the Defendant Oaktree breached the contract of employment between the parties.

4. Find the Defendants liable to the Plaintiff for all actual, compensatory and punitive damages relating to the wrongful discharge of Plaintiff by Defendant;

5. Award allowable attorney's fees and costs, as well as pre-judgment and post-judgment interest; and

6. Grant to Plaintiff such other and further relief as this Court may deem just and proper.

Dated this the 2nd day of March, 2018.

RICHARDSON PLOWDEN & ROBINSON, P.A.

s/C. Cliff Rollins
Eugene H. Matthews, SC Bar #10193
C. Cliff Rollins, SC Bar #16631
Post Office Drawer 7788
Columbia, South Carolina 29202
T: (803) 771-4400
F: (803) 779-0016
Email: gmatthews@RichardsonPlowden.com
Email: crollins@RichardsonPlowden.com

**COUNSEL FOR PLAINTIFF**

ELECTRONICALLY FILED - 2018 Mar 15 3:33 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200757

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LEXINGTON<br><br>Stephanie Webb, D.O.,<br>         Plaintiff,<br><br>v.<br><br>Oaktree Medical Center, P.C., a/k/a/ Pain Management Services,<br>         Defendants. | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT<br><br>C/A No.: 2018-CP-32-00757<br><br>**ACCEPTANCE OF SERVICE** |

I, Phillip Kilgore, attorney for the Defendant Oaktree Medical Center, P.C., a/k/a Pain Management Services do hereby certify that I accept service and have received a filed copy of the documents(s) listed below from the Plaintiff's counsel of record, through the United States Postal Service and Via Email, at the address listed below on this 12th day of March, 2018:

DOCUMENT(S):  Summons and Complaint

DELIVERED TO:  Phillip A. Kilgore
         Ogletree Deakins Nash Smoak & Stewart
         P.O. Box 2757
         Greenville, SC 29602
         Philip.kilgore@ogletree.com

PARTY ACCEPTING SERVICE _____
                Phillip A. Kilgore, Esquire

1

ELECTRONICALLY FILED - 2018 Mar 15 3:46 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200757

## Certificate of Electronic Notification

| Recipients |
|---|
| **C. Rollins**  - Notification transmitted on 03-15-2018 03:33:55 PM. |

ELECTRONICALLY FILED - 2018 Mar 15 3:46 PM - LEXINGTON - COMMON PLEAS - CASE#2018CP3200757

## ****** IMPORTANT NOTICE - READ THIS INFORMATION *****
## NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2018CP3200757

| | |
|---|---|
| **Official File Stamp:** | 03-15-2018 03:33:34 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Lexington |
| **Case Caption:** | Stephanie Webb DO VS Oaktree Medical Center Pc , defendant, et al |
| **Document(s) Submitted:** | Service/Acceptance Of Service |
| **Filed by or on behalf of:** | C. Cliff Rollins |

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

C. Cliff Rollins for Stephanie Webb, DO

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Pain Management Services

Oaktree Medical Center Pc