IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Stephanie Webb, ) | |
| ) | Civil Action No.: 3:18-cv-00924-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Oaktree Medical Center, P.C., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Stephanie Webb ("Plaintiff") filed a Complaint against Defendant Oaktree Medical Center, P.C. ("Defendant"), alleging pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"); sex discrimination in violation of Title VII, and breach of contract. (ECF No. 1-1.) This matter is before the court upon review of Plaintiff's objections to the Report and Recommendation ("Report") (ECF No. 14) issued by the Magistrate Judge on May 16, 2018, recommending that the court grant Defendant's Motion to Stay Litigation and to Compel Arbitration. (ECF No. 15.) For the reasons set forth herein, the court **ACCEPTS** the Report of the Magistrate Judge. (ECF No. 14.) The court thereby **GRANTS** Defendant's Motion to Stay Litigation and to Compel Arbitration. (ECF No. 9.)

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The court concludes upon its own careful review of the record that the factual summation in the Magistrate Judge's Report is accurate, and the court incorporates this summary herein without a recitation. (*See* ECF No. 14.) On November 5, 2015, Plaintiff and Defendant executed a "Physician Employment Agreement" ("Agreement"), under which the parties agreed to arbitrate "[a]ny controversy, dispute, or disagreement arising out of or relating to the Agreement, or breach thereof…." (ECF No. 9-2 at 24 ¶ 12.) On March 2, 2018, Plaintiff filed the above-mentioned

1

Complaint against Defendant in the Court of Common Pleas in the Eleventh Judicial Circuit of South Carolina. (ECF No. 1-1.) On April 5, 2018, the matter was removed to this court under diversity of citizenship and federal question original jurisdiction pursuant to 28 U.S.C. § 1441. (ECF No. 1.)

On April 12 2018, Defendant filed a Motion to Stay Litigation and to Compel Arbitration (ECF No. 9), pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, which provides in part that "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court … for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.* On April 26, 2018, Plaintiff filed a reply brief in opposition to Defendant's Motion to Stay Litigation and to Compel Arbitration (ECF No. 11), and on May 3, 2015, Defendant filed a reply brief in support of its motion. (ECF No. 13.)

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g), all pretrial proceedings in this case were referred to United States Magistrate Judge Shiva V. Hodges. On May 16, 2018, The Magistrate Judge issued the Report recommending that the court grant Defendant's Motion to Stay Litigation and to Compel Arbitration. (ECF No. 14.) On May 30, 2018, Plaintiff filed Objections to the Report. (ECF No. 15.) Defendant has not filed Objections to the Report. On June 13, 2018, Defendant filed a Response in Opposition to Plaintiff's Objection. (ECF No. 17.) Plaintiff then filed a Motion for Extension of Time, (ECF No.18), to file a Reply, and the court granted the motion, stating that Plaintiff's Reply was due by June 27, 2018. (ECF No. 19.) Plaintiff has not filed a Reply. The Report of the Magistrate Judge and Plaintiff's Objections are before the court for review.

## II. STANDARD OF REVIEW

**1. The Magistrate Judge's Report**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *Id.* at 316. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

**2. The Federal Arbitration Act**

Congress enacted the FAA to address the hostility in American courts toward the enforcement of arbitration agreements by compelling judicial enforcement of a wide range of written arbitration agreements. *See, e.g., Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 111 (2004). Section 2 of the FAA provides that "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. To compel arbitration under the FAA, the moving party must demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect, or

refusal of the defendant to arbitrate the dispute." *Adkins v. Labor Ready, Inc.,* 303 F.3d 496, 500-01 (4th Cir. 2002) (quoting *Whiteside v. Teltech Corp.,* 940 F.2d 99, 102 (4th Cir. 1991)). "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration … [and] any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 23-24 (1983).

"Although federal law governs the arbitrability of disputes, ordinary state-law principles resolve issues regarding the formation of contracts." *Am. Gen. Life & Acc. Ins. Co. v. Wood,* 429 F.3d 83, 87 (4th Cir. 2005). "For instance, 'generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2.'" *Id.* (quoting *Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 687 (1996)).

### III. ANALYSIS

**1. Interstate Commerce**

Plaintiff first objects to the Magistrate Judge's finding in the Report that the Agreement is one "involving commerce," as required under section 2 of the FAA, 9 U.S.C. § 2. (ECF No. 15 at 1.) In doing so, Plaintiff filed an affidavit, attached as Exhibit B to her objections, in which she affirmatively disputes that she ever treated any patient from outside South Carolina during her employment with Defendant and alleges that medical providers, such as Defendant, who style themselves as "pain management centers," avoid marketing to out-of-state patients in order to prevent exposure to patients with "drug-seeking behaviors." (ECF No. 15-2.) This statement is contrary to what was alleged in paragraph 9 of the Declaration of David Webb attached as Exhibit A to Defendant's original Motion to Stay Litigation and Compel Arbitration, which stated that Plaintiff had treated a number of patients with addresses from outside of South Carolina during

4

her employment. (ECF No. 9-2 at ¶ 9.) Plaintiff argues that because there is a dispute of material fact pertaining to whether the Agreement affects interstate commerce, the court cannot grant Defendant's Motion to Compel Arbitration at this time. (ECF No. 15 at 3.)

The Supreme Court has held that the phrase "involving commerce" is "the functional equivalent of 'affecting' [commerce]," *Allied-Bruce Terminix Cos. Inc. v. Dobson,* 513 U.S. 265, 274 (1995), and "signals Congress' intent to exercise its commerce power to the full." *Id.* at 273. Further, the Supreme Court has held that the phrase "involving interstate commerce" includes employment contracts. *See Circuit City Stores, Inc.,* 532 U.S. at 113-114. While Plaintiff's affidavit and the Declaration of David Webb call into dispute whether Plaintiff treated patients with addresses from outside of South Carolina during her employment with Defendant, Plaintiff has not introduced any facts which address the other reasons provided by Defendant and noted by the Magistrate Judge in finding that the Agreement affected interstate commerce.[1] (ECF No. 9-1 at 9-10; ECF No. 14 at 6.) Regardless of whether or not Plaintiff treated patients with addresses outside of South Carolina, Defendant's remaining arguments are sufficient for this court to find that the Agreement at issue affects interstate commerce.[2] "Congress' Commerce Clause power

---

[1] In the Report, the Magistrate Judge noted five arguments made by defendant: "(1) Defendant recruited Plaintiff from New York and paid [a] certain [portion] of her moving expenses; (2) Plaintiff treated numerous patients with addresses outside of South Carolina during her employment; (3) Plaintiff attended a continuing education conference in North Carolina during her employment; (4) Defendant receives payments for its services from banks outside of South Carolina; and (5) Defendant receives the vast majority of it[s] supplies and equipment from outside of South Carolina." (ECF No. 14 at 6.)

[2] Plaintiff also objects to the Magistrate Judge's finding in the Report that, based on the arguments provided by Defendant, the Agreement affected interstate commerce. Plaintiff's counsel argues that the Agreement does not affect interstate commerce under the holdings in *Flexon v. PHC-Jasper, Inc.,* 399 S.C. 83 (S.C. Ct. App. 2012), and *Lucy v. Meyer,* 736 S.E.2d 274 (S.C. Ct. App. 2012), and objects to the Magistrate Judge's lack of consideration of these cases in the Report. (ECF No. 15 at 3-4.) The issue of whether an arbitration agreement "involves commerce" under section 2 of the FAA is a question regarding the interpretation of a federal statute and does not

'may be exercised in individual cases without showing any specific effect upon interstate commerce' if in the aggregate the economic activity in question would represent 'a general practice ... subject to federal control.'" *Citizens Bank v. Alafabco, Inc.,* 539 U.S. 52, 56-57 (2003) (quoting *Mandeville Island Farms, Inc. v. Am. Crystal Sugar Co.,* 334 U.S. 219, 236 (1948)). For example, Defendant's evidence that 95% of approximately four-hundred shipments of equipment and supplies received by Defendant during Plaintiff's employment were shipped from outside of South Carolina (ECF No. 9-2 at ¶ 11; ECF No. 9-1 at 10), would likely, on its own, be sufficient for this court to find that the Agreement at issue affects interstate commerce. *See Citizens Bank,* 539 U.S. at 57 (noting that "the Commerce Clause gives Congress the power to regulate local business establishments purchasing substantial quantities of goods that have moved in interstate commerce.") (citing *Katzenbach v. McClung,* 379 U.S. 294, 304 (1964)); *McCutcheon v. THI of S.C. at Charleston, LLC,* No. 2:11-cv-02861, 2011 WL 6318575, at *5 (D.S.C. Dec. 15, 2011) (finding that a nursing care provider's operations affected interstate commerce because food was purchased from a corporation outside of South Carolina, other supplies were purchased from manufacturers outside of South Carolina and shipped across state lines, and the provider participated in federal Medicare and Medicaid programs).

Plaintiff notes that the Magistrate Judge determined that Defendant's Motion to Compel Arbitration is to be treated as a motion for summary judgment pursuant to *Rose v. New Day Fin., LLC,* 816 F. Supp. 2d 245, 251 (D. Md. 2011).[3] She further argues that, as the non-moving party,

---

involve "issues regarding the formation of contracts." *See Am. Gen. Life & Acc. Ins. Co.* 429 F.3d at 87. As such, the South Carolina cases of *Flexon* and *Lucy* are not binding on this court.

[3] The court notes that it is not necessary to address the question of whether to treat Defendant's Motion to Compel Arbitration as a motion for summary judgment because, as explained in this opinion, the issue is not determinative in this case. *See generally U.S. ex rel. TBI Investments, Inc. v. BrooAlexa, LLC,* 119 F. Supp 3d 512, 523 (S.D.W. Va. 2015) ("[M]otions to compel arbitration

she is entitled to have the facts viewed in the light most beneficial to her and is entitled to the benefit of all inferences to be drawn therefrom, and that because the material facts are in dispute the court should not grant Defendant's motion at this time. (ECF No. 15 at 2-3.) However, as noted previously, even if the court were to find that Plaintiff never treated any patients with addresses outside of South Carolina during her employment with Defendant, given the additional reasons provided by Defendant, the Agreement at issue nonetheless affects interstate commerce. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Although Plaintiff disputes whether she treated out-of-state patients, this dispute does not challenge *material* facts. Therefore, the court finds that the Agreement at issue constitutes an agreement "involving commerce" for the purposes of the FAA, 9 U.S.C. § 2.

**2. Coverage of Arbitration Provision**

Plaintiff also objects to the Magistrate Judge's finding in the Report that Plaintiff's pregnancy discrimination and sex discrimination claims under Title VII were covered by the arbitration provision in the Agreement.[4] (ECF No. 15 at 4.) The arbitration provision in the Agreement reads: "Any controversy, dispute or disagreement arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration…." (ECF No. 9-2 at 24 ¶ 12.) The Fourth Circuit has held that the language "arising out of or related to" constitutes a "broad arbitration clause[] capable of an expansive reach." *Am. Recovery Corp. v. Computerized Thermal*

---

exist in the netherworld between a motion to dismiss and a motion for summary judgment." (quoting *Shaffer v. ACS Gov't Servs., Inc.,* 321 F. Supp. 2d 682, 683 (D. Md. 2004))).

[4] Plaintiff does not object to the Magistrate Judge's finding that her breach of contract claim is covered by the provision. (ECF No. 15 at 4.)

*Imagining, Inc.,* 96 F.3d 88, 93 (4th Cir. 1996). Although Plaintiff emphasizes that unlike her breach of contract claim, her pregnancy and gender discrimination claims could have been brought without the existence of a written employment Agreement (ECF No. 15 at 4),[5] the Fourth Circuit has further stated that a "broad arbitration clause '*d[oes] not limit arbitration to the literal interpretation or performance of the contract,* but embrace[s] every dispute between the parties having a significant relationship to the contract regardless of the label attached to the dispute.'" *Id.* (quoting *J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A.,* 863 F.2d 315, 321 (4th Cir. 1988)) (emphasis in original). While Plaintiff's pregnancy and gender discrimination claims may not rely on the language of the employment Agreement itself, these claims nonetheless have a "significant relationship" to the Agreement in that the Agreement forms the basis of her employment with Defendant, particularly because her claims relate to the circumstances in which her employment with Defendant was terminated. (*See* ECF No. 1-1 at 3-9; ECF No. 11 at 1-2.)

Further, federal case law regarding the FAA does not suggest that Plaintiff's Title VII claims are presumed to be outside the scope of the arbitration provision in the Agreement. The Supreme Court has held that there is "no warrant in the Arbitration Act for implying in every contract within its ken a presumption against arbitration of statutory claims." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 625 (1985). Courts have previously construed arbitration clauses worded similarly to the one in this case to cover employment

---

[5] Plaintiff's counsel in the original response brief cites only South Carolina case law in making this argument. (ECF No. 11 at 10-11.) The court notes that while state law resolves issues regarding the formation of contracts, the question of whether the arbitration provision covers the dispute sufficiently as to make it subject to the FAA is a question of federal statutory interpretation, and not a "generally applicable contract defense[], such as fraud, duress, or unconscionability." *Doctor's Assocs., Inc.,* 517 U.S. at 687; *See also Am. Gen. Life & Acc. Ins. Co.,* 429 F.3d at 87 ("Although federal law governs the arbitrability of disputes, ordinary state-law principles resolve issues regarding the formation of contracts.").

discrimination claims under Title VII. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24-26 (1991) (compelling arbitration for claim brought under the Age Discrimination in Employment Act); *Cherry v. Wertheim Schroder & Co.,* 868 F. Supp. 830, 834 (D.S.C. 1994) (compelling claimant to arbitrate sexual harassment claim brought under Title VII). For these reasons, Plaintiff's sex and pregnancy discrimination claims are covered by the arbitration provision in the Agreement.

**3. Other Findings**

Plaintiff has not made any objections to the findings of the Magistrate Judge other than those addressed above. As such, the court need not review the remainder of the Report de novo but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). The court does not find clear error and therefore accepts the Report by the Magistrate Judge.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 14), and **GRANTS** Defendant's Motion to Stay and to Compel Arbitration (ECF No. 9). The court **DENIES** Defendant's Motion to Dismiss. The court **INSTRUCTS** Defendant to file a report every 180 days from this Order's entry date to update the court regarding the status of the matter. **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 28, 2018
Columbia, South Carolina